IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONTE L. HOPKINS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1998-RGA |
| PERRY PHELPS, | : |
| Defendant. | : |

Donte L. Hopkins, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 17, 2019
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff Donte L. Hopkins, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5). The Court screens and reviews the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). Plaintiff requests counsel. (D.I. 9).

## BACKGROUND

Plaintiff has been incarcerated at the JTVCC since January 2011. He was sentenced to 15 years to be suspended upon completion of the Delaware Department of Correction sex offender program. Plaintiff alleges that he is seriously mentally ill and has developmental disabilities that could be classified as mildly retarded and, together, they make it nearly impossible for him to function in a prison setting. Plaintiff alleges that because of his disabilities he has been kept in prison longer and is punished for being seriously mentally ill.

Plaintiff alleges a violation of the Eighth Amendment for denial of adequate mental health treatment. He alleges that Defendant DOC Commissioner Perry Phelps is aware of this and it causes Plaintiff extra years in prison due to his mental illness.[2]

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

[2] The Court takes judicial notice that Defendant did not become the DOC Commissioner until January 18, 2017, when he was confirmed by the Delaware Senate. *See* http://doc.delaware.gov/views/office_of_commissioner.blade.shtml (last visited June 13, 2019).

1

Defendant is sued in his official and personal capacities. Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, and requests counsel.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Statute of Limitations**. Plaintiff alleges that Defendant has been violating his civil rights since January 2011. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Accordingly a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Trimble v. County of Beaver, PA*, 615 F. App'x 762, 764 (3d Cir. 2015).

4

While Plaintiff alleges that Defendant began violating his constitutional rights beginning in January 2011 (see D.I. 1 at 5), he did not file his complaint until December 16, 2018.[3] Hence, it is evident from the face of the complaint that all claims that accrued prior to December 16, 2016 are barred by the two-year limitations period. Therefore, the Court will dismiss all claims that accrued prior to December 16, 2016, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**Personal Involvement.** The claims appear to be raised based solely on Defendant's position as a supervisory official. There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

In addition, Plaintiff alleges that Defendant is denying him mental health treatment. A non-medical prison official, such as Defendant, must either actually know,

---

[3] The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Here, Plaintiff's Complaint was signed on December 16, 2018, and submitted for e-filing by prison authorities on December 17, 2018. Therefore, the Court concludes that the complaint was filed on December 16. 2018, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware to submit for e-filing.

5

or have reason to believe, that prison doctors are mistreating or not treating the prisoner to be liable for deliberate indifference. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

The Complaint alleges in a conclusory manner, without supporting facts, that Defendant was aware of Plaintiff's condition and the denial of adequate treatment. As pled, the Complaint fails to allege facts to support personal involvement on behalf of Defendant. Accordingly, the Court will dismiss all claims against Defendant for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to amend.

**Request for Counsel**. In the prayer for relief, Plaintiff requests counsel on the grounds that he is seriously mentally ill and is barely literate. (D.I. 1 at 8). He also filed a separate request for counsel. (D.I. 9). Therein he states that counsel is required to "bail him out of JTVCC." (D.I. 9 at 1).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.[4] *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding

---

[4] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

6

whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d.Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing Plaintiff's request, the Court concludes that, at this juncture, an attorney is not warranted. The case is in its early stages and there is no operative pleading. In addition, to date, the filings in this case demonstrate Plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew Plaintiff's request for counsel. (D.I. 9). Should the need for counsel arise later, one can be appointed at that time.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state claims upon which relief may be granted pursuant to U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint. Plaintiff's request for counsel will be denied without prejudice to renew.

An appropriate Order will be entered.